UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

MICHAEL ENGLISH

Case No. 19-20164

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐    There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

   IT IS SO ORDERED.

:

s/ Terrence G. Berg<br>UNITED STATES DISTRICT JUDGE

Dated:   November 17, 2020

ADDENDUM, CONTINUED FROM PAGE 3

The Court has considered the question of whether Mr. English has exhausted his administrative remedies. The Government takes the position that Mr. English has not yet exhausted his administrative remedies because in his request for early release to the BOP, he only raised the medical conditions of hypertension and skin conditions, but did not include the factor of obesity, which he also raises before the Court. ECF No. 42, PageID.173; *United States v. Alam*, 960 F.3d 831, 832-36 (6th Cir. June 2, 2020).

However, because these exhaustion requests are made by pro se litigants, this Court, and others, have concluded that such requests should be construed liberally; therefore, requests to the warden need not be identical to motions made before the court. Here, Mr. English referred to COVID-19 and to his medical conditions generally in his request to the warden. This is sufficient to exhaust his administrative remedies even if the precise reasons he relies upon before the Court are different. *See United States v. Dean*, No. 11-20195, 2020 WL 4251344, at *1 (E.D. Mich. July 24, 2020) (collecting cases) (noting that some district courts "have been skeptical of the notion that the statute imposes any requirement of 'issue exhaustion' on requests for compassionate release. . . ."). *But see United States v. Asmar*, No. 18-20668, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020). Moreover, although the Court is not privy to the complete medical record that was presented to the warden, the only medical records included in the record are the medical records that were generated by the prison. Therefore, the prison was in a position to have all of his medical records, and in a position to know what all of his conditions are when it made its decision.

Because Mr. English's avenues for relief within the BOP have been exhausted, the Court has three questions to answer. First, whether extraordinary and compelling reasons warrant a reduction in sentence. Second, whether Mr. English poses a danger to the community. And third, whether a sentencing reduction is consistent with the 18 U.S.C. § 3553 factors. *United States v. Ammarah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

Mr. English suffers from obesity—he has a Body Mass Index ("BMI") of 36.3—and hypertension, the latter of which is undiagnosed by the BOP. The Centers for Disease Control recognizes that individuals suffering from obesity with a BMI over 30 are at a heightened risk of serious illness or death if they contract COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020). And individuals suffering from hypertension might be at a heightened risk of serious illness or death. *Id.*

As to the conditions at Mr. English's facility, FCI Loretto has had over 50 confirmed COVID-19 cases over time, though there are not currently any known active cases among the inmates. *See* https://www.bop.gov/coronavirus/ (updated daily). As of September 23, 2020, all 57 inmates who have tested positive have recovered. *Id.* That said, there are currently seven active cases among the staff. *Id.* A total of 834 tests have been administered to inmates at the facility, which appears to be the entire prison population. Therefore, it appears that FCI Loretto has, unlike some other BOP facilities, "conducted extensive testing, and the number of inmates and staff currently suffering from the virus is small, with no inmate or staff deaths recorded." *United States v. Delisio*, --- F. Supp. 3d ---, 2020 WL 5098155, at *2 (W.D.N.Y. Aug. 24, 2020).

Mr. English's health conditions, which place him at an increased risk for severe illness or death if he contracts COVID-19, in conjunction with the presence of COVID-19 at FCI Loretto, might constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). But even assuming Mr. English's hypertension and obesity, coupled with the conditions at FCI Loretto, could constitute extraordinary and compelling reasons, the § 3553 factors nonetheless weigh against granting his release.

Most importantly here, the Court concludes that Mr. English's early release would pose a danger to the community and would not further the purposes of deterrence. The Court sentenced Mr. English to a 78-month

sentence for a conspiracy to distribute controlled substances charge that involved several instances of drug trafficking, of which Mr. English was found to be an organizer, leader, manager, or supervisor. Presentence Report, ¶ 22. Mr. English engaged in this serious criminal behavior *after* he completed a substantial sentence for a prior, similar drug-trafficking conviction and even while he was still on supervised release from that prior conviction. And while Mr. English's conduct in the instant offense did not involve use of a firearm or assaultive or violent behavior, the large-scale, interstate distribution of narcotics is an inherently dangerous activity that creates risks both to those who are carrying and protecting drugs and money and to the users who purchase and consume the drugs. Granting Mr. English compassionate release at this time, where he has only served approximately 10 percent of his sentence, "would lead to unwarranted sentencing disparities and improperly minimize the serious nature of his drug trafficking." *United States v. Oliver*, No. 17-20489, 2020 WL 2768852, at *7 (E.D. Mich. May 28, 2020). The Court recognizes that Mr. English has a strong community network and viable employment opportunities by playing the organ at church and working at Home Depot and FedEx. The Court also acknowledges that Mr. English has taken an employment skills class and a parenting class during the 7 months or so that he has been incarcerated.  Though such rehabilitative efforts are commendable, by themselves they do not justify early release.  Likewise, the Court notes that Mr. English was released on an unsecured bond and complied with pretrial supervision prior to sentencing. Presentence Report ¶ 6. But the seriousness of Mr. English's drug trafficking offense conduct, and his history of similar criminal behavior, is such that the Court finds his release at this time would present a danger to the community and would not be consistent with § 3553.

Having considered all of the above factors, release is not appropriate.