UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL ENGLISH**,<br><br>Defendant. | 2:19-CR-20164<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND TO ACCEPT LATE FILING, AND SECOND MOTION FOR COMPASSIONATE RELEASE (ECF NOS. 45, 46, AND 48)** |

Defendant Michael English is serving a 78-month prison term for a conspiracy to distribute controlled substances that also involved instances of drug-trafficking. ECF No. 44. On November 17, 2020, the Court denied Defendant's motion for compassionate release. *Id.* Now, he moves for reconsideration of that order and to accept late filing of said motion. *See* ECF Nos. 44, 45 and 46. In addition, Defendant moves for a second motion for compassionate release. *See* ECF No. 48. As explained below, Defendant's motions will be **DENIED**.

## I. Legal Standard

**a. Motion for Reconsideration.**

The Court will grant a motion for reconsideration if the moving party shows (1) "a palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different

1

disposition of the case. E.D. Mich. Local Rules. 7.1(h)(3). A "palpable defect" is one where the defect is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michaelec*, 181 F. Supp. 2.d 731, 734 (E.D. Mich. 2002) (citations omitted). Motions for reconsideration that "merely present the same issued ruled upon the Court, either expressly or by reasonable implication" will not be granted. E.D. Mich. Local Rules 7.1(h)(3). A motion for reconsideration "must be filed within 14 days after entry of the judgment or order." *Id.* at 7.1(h)(1).

### b. Motion for Compassionate Release.

District courts grant defendant-filed motions seeking release under 18 U.S.C. § 3582(c)(1)(A) when a petitioner is able to make two showings. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *see also United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020). First, "whether extraordinary and compelling circumstances merit a sentence reduction." Where district courts are assessing a defendant-filed motion, they have full discretion to determine whether an "extraordinary and compelling reason justifies compassionate release" without consulting the policy statement of U.S.S.G. § 1B1.13. *See Jones*, 980 F.3d at 1109. Second, "whether applicable § 3553(a) factors warrant such a reduction." *See id.* at 1106-08. Section 3553(a) consists "of sentencing factors, such as the nature of the offense, the characteristics of the defendant, and numerous

penological objectives." Furthermore, district courts are "'best situated to balance the § 3553(a) factors.'" *Id*. at 1114.

## II. Discussion
### a. Motion for Reconsideration and Motion to Accept Late Filing (ECF Nos. 45 and 46).

On December 4, 2020, Defendant filed a motion of reconsideration of this Court's November 17, 2020 order denying his first motion for compassionate release pursuant to Local Rule 7.1. *See* ECF No. 45. At the same time, Defendant filed a motion to accept late filing of said motion for reconsideration. *See* ECF No. 46. In his motion to accept late filing, Defendant asks this Court to waive the requirement that motions for reconsideration "be filed within 14 days after entry of the judgment or order." E.D. Mich. Local Rules 7.1(h)(3).

Here, Defendant has filed his motion for reconsideration eighteen days after this Court issued its order. *See* ECF No. 45. Although Defendant details events that led to him discovering that he had tested positive for COVID-19 and that he had sought concurrence with opposing counsel, he provides no reason as to why he was not able to file his motion for reconsideration within the 14-day requirement. As such, Defendant's motion for reconsideration is untimely. *See* E.D. Mich. Local Rules 7.1 (h)(3). Defendant's motions for reconsideration and to accept late filings are denied.

### b. Second Motion for Compassionate Release (ECF No. 48).

On November 17, 2020, this Court denied Defendant's original motion for compassionate release. *See* ECF No. 44. Defendant now move for a second time seeking compassionate release. *See* ECF No. 48. Defendant premises his satisfaction of 18 U.S.C. § 3852(c)(1)(A)'s "administrative exhaustion" requirement on the theory that when prison wardens decline to review a second motion for compassionate release on the basis that the first one was denied, petitioners have exhausted their administrative remedies. *Id.* at PageID.315. But Defendant fails to cite to any authority in either case law or the statutory text of the First Step Act in support of this interpretation.[1] Defendant also fails to cite any support for the proposition that defendants may file subsequent motions for compassionate release. In addition, because Defendant attempted to submit his second motion for compassionate release on December 12, 2020 and then filed this motion before the Court on December 28, 2020, the thirty-day requirement under the second prong is not met here. *Id.* Thus, the Court is presented with the novel question of whether declining to review a subsequent motion for compassionate release because the first one was denied constitutes exhaustion of administrative remedies.

---

[1] Imprisoned petitioners may file a motion for compassionate release after "(1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b)); *see also* 18 U.S.C. § 3852(c)(1)(A) (2020).

But the Court need not answer this question because it will address the merits of Defendant's second motion and conclude that the record does not support granting the motion.

First, the record does not support a finding of extraordinary and compelling circumstances justifying release. Defendant does have medical conditions, such as his obesity, high blood pressure, and hypertension that weigh in favor of a finding of compelling circumstances. ECF No. 48, PageID.313. But Defendant's medical records also indicate that he tested positive for COVID-19 on December 8, 2020, experienced mild symptoms, was placed into isolation, provided daily medical attention, and has since recovered. *See* ECF No. 53, PageID.370-89; *see also* ECF No. 48, PageID.320. While there is evidence that reinfection could be possible, there is also evidence that recovery from COVID-19 confers natural immunity from the virus for a period of time.[2] Such inconclusive evidence does not suggest that Defendant's health condition demonstrates extraordinary and compelling circumstances.

Furthermore, Defendant's bout with COVID-19 suggest that his obesity, high blood pressure, and hypertension do not pose a significant risk to his health if he were to be reinfected. In Defendant's reply to the

---

[2] *Facts about COVID-19 Vaccines*, Centers for Disease Control and Prevention, (January 25, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/facts.html#.

Government's opposition, he cites to inconsistencies and inaccurate documentation in his medical report. ECF No. 54, PageID.419. But even taking Defendant's account of the events in the light most favorable to him, his conditions still do not rise to a level constituting extraordinary and compelling circumstances.

Next, Defendant cites to the conditions at FCI Loretto, where he is presently incarcerated, as warranting his early release. Defendant points to the crowding of inmates and the malfunctioning of sewage systems as hazards exacerbating the potential for reinfection. However, as of January 25, 2021, only one inmate and sixteen prison staff have recently tested positive for COVID-19. These numbers are in sharp contrast to the 746 inmates who tested positive just a few weeks ago and that Defendant cited in his brief. ECF No. 48, PageID.317. In addition, the Bureau of Prisons have begun the vaccination program of its prison staff, as well as inmates with high-risk profiles.[3] Defendant's medical record also shows that when he tested positive for COVID-19, he was isolated for over two weeks and, on a daily basis, a medical health professional provided him medical attention. The medical staff also provided some medication for his inflammation and other symptoms. ECF No. 53, PageID.397. These

---

[3] COVID-19 Cases, Bureau of Prisons, (January 25, 2021), https://www.bop.gov/coronavirus/.

factors do not suggest extraordinary and compelling circumstances justifying Defendant's early release.

Finally, Defendant argues that the sentencing factors weigh in favor of early release. ECF No. 48, PageID.321-23. In addition to restating arguments that this Court considered and rejected in the original motion for compassionate release, Defendant cites to "living every day in fear of contracting COVID-19 due to factors outside of one's control" as a deterrent. *Id*. at PageID.322. If released, Defendant would "practice social distancing and proper hygiene" and will have various employment opportunities available to him. But as stated in its previous order, Defendant had been found guilty of a large-scale interstate distribution of drugs for which he was an "organizer, leader, manager, or supervisor." ECF No. 44, pageID.300. And Defendant "engaged in this serious criminal behavior after he completed a substantial sentence for a prior, similar drug-trafficking conviction." *Id*. At the time of the order, he had "only served approximately 10 percent of his sentence." *Id*. Not more than three months have passed since the issuance of that order. *See id*. As such, considering the § 3553(a) sentencing factors, the Court concludes that Defendant is not entitled to compassionate release. Such an early release would undermine the goals of deterrence and punishment and also would not adequately protect the community.

## CONCLUSION

For the reasons stated above, Defendant's motions for reconsideration and to accept late filing are **DENIED**. Defendant's second motion for compassionate release is also **DENIED**.

**IT IS SO ORDERED.**

Dated: January 27, 2021        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE