UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **MICHAEL ENGLISH,**  Defendant. | 2:19-CR-20164-TGB-EAS  HON. TERRENCE G. BERG  ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE  (ECF NO. 86) |

On April 19, 2019, Defendant Michael English pled guilty to conspiracy to distribute controlled substances. ECF No. 11. On September 16, 2019, this Court sentenced English to 78 months in prison to be followed by a term of supervised release of four years. ECF No. 19. English surrendered to the Bureau of Prisoner ("BOP") on January 20, 2020. ECF No. 22. On December 22, 2022, the Court granted English compassionate release to obtain expedited medical care outside of the BOP. ECF No. 83. English was released on December 28, 2022 after serving approximately 46 months of his 78-month sentence. ECF Nos. 84, 85. However, the Court reiterated its order that English serve four years of supervised release. ECF No. 83. That supervised release term started on December 28, 2022, and should expire in December 2026. ECF No. 85.

English now seeks early termination of supervised release, citing his compliance with the conditions of his supervised release, his

1

employment, and his involvement with his church. ECF No. 86. The government has responded and opposes early termination. ECF No. 87.

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When making this determination, the Court considers the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense *See* § 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United*

*States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Thus, "unblemished" post-conviction conduct is not "alone ... sufficient reason to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

The Court has carefully reviewed English's motion, the government's response, and has conferred with the supervising Probation Officer. English has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. While English's compliance is admirable and appropriate, his prior criminal history as well as the fact that he received a substantial reduction in his custody term based on compassionate release suggest that continued supervision would be in the best interest of justice. His conditions are not burdensome and permit that his conduct may be monitored to assure his compliance. At this time, such continued monitoring is appropriate.

4

Accordingly, English's Motion for Early Termination of Supervised Release, ECF No. 86, is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 29, 2025        /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE